## GERSDORF–SLOAN AMBULANCE SERVICE, Inc., v. KENTY.

### No. 9355.

Court of Civil Appeals of Texas. San Antonio.

May 2, 1934.

Rehearing Granted Oct. 3, 1934.

Rehearing Overruled Nov. 14, 1934.

R. H. Mercer, of San Antonio, for appellant.

Charles Lieck and Wm. E. Calvert, both of San Antonio, for appellee.

SMITH, Justice.

While crossing a business street in San Antonio, appellee collided with an ambulance owned and operated by appellant, and recovered judgment against the latter for personal injuries sustained in the collision.

The jury found, upon conclusive evidence, that appellee was guilty of contributory negligence directly causing or contributing to his injury, but further found, upon conflicting evidence, against appellant upon the theory of discovered peril. This is the second appeal in the case. Gersdorf, etc., v. Kenty (Tex. Civ. App.) 46 S.W.(2d) 469.

The case is fully stated in the former opinion of this court, and, as the evidence was substantially the same upon both trials we see no occasion to restate the case here.

Upon the last trial, the theory of discovered peril was raised by the evidence and was submitted with substantial accuracy both in form and in substance, and all of appellant's propositions complaining of that submission, being propositions 1 to 11, inclusive, and 18 to 22, inclusive, will be overruled.

Appellant contends that, as there was no specific finding that the ambulance with which appellee collided belonged to appellant and was driven by an agent of appellant, the verdict was not sufficient to support the judgment. We overrule this contention. It is true there was no specific finding of the facts stated. But the evidence, admitted without objection, was undisputed and conclusive that the vehicle in question belonged to appellant, was being operated by appellant's agents, and was actually engaged at the moment upon a routine errand for appellant in the prosecution of its regular business. In such situation, the failure of the court to submit such issue or of the jury to find thereon does not justify reversal of a judgment resting upon those undisputed facts. We overrule appellant's propositions 12 to 17, inclusive.

In its twenty-third proposition appellant complains of the remarks of the trial judge during appellee's examination of one of his witnesses, concerning the proper course of pedestrians situated as appellee was on the occasion of the accident here in question. The colloquy was participated in by the court, by Mr. Mercer, attorney for appellant, and Mr. Lieck, attorney for appellee, and was precipitated by the following question propounded by Mr. Lieck to the witness, followed by the colloquy:

"Q. Now, then, I will ask you what is your testimony with reference to the route—the direct route a pedestrian would take to come from Commerce Street here through Cochran to get over to Huth's Feed Store or·that restaurant there shown on the map?

"The Court: It seems to me we are wasting time uselessly.

"Mr. Lieck: We except to the Court's ruling.

"The Court: Please wait until I make my statement. It is obvious that the direct route is straight across the street from the corner to the opposite side, it is so obvious that I don't think you ought to waste time on it.

"Mr. Mercer: I don't exactly understand what the Court means by that.

"The Court: I mean, according to the plat, to which there does not seem to be any contest, it appears obvious that the fire plug is directly across from the corner of that street.

"Mr. Mercer: Now, I want to take a bill to the remarks of the Court, because I think I have shown that there is no mark there which says pedestrians can cross here.

"The Court: No mark here?

"Mr. Mercer: That is what the witness Hansen testified to yesterday.

"The Court: I don't think there is any such sign.

"Mr. Mercer: There is no such sign there, and I am going to introduce an ordinance in evidence to complete my bill.

"The Court: Just state the grounds of the bill, and then we will go on and try the case.

"Mr. Mercer: The ground of my bill is that the Court's remarks are conclusions on the situation we have here.

"The Court: Well, you can have your bill.

"Mr. Mercer: Of course, the matter will be straightened out later; but I want to have my bill.

"The Court: You can have all the bills you want. I want to save time on a practically uncontroverted question."

We are of the opinion that the transaction constituted error, and that, if it had related to an issue which the jury afterwards resolved against appellant, it would have required reversal. But, obviously, the incident could have influenced the jury upon the issue of contributory negligence only, and could not have influenced them upon the issue of discovered peril. And, as the issue of contributory negligence was resolved against appellee, the error complained of could not possibly have in-

jured appellant. We therefore decline to reverse on account of that error.

The judgment is affirmed.

On Motion for Rehearing.

BICKETT, Chief Justice.

The jury having found that appellee was guilty of contributory negligence proximately causing or contributing to his injury, appellee was not entitled to recover judgment against appellant, unless he should be entitled to do so upon the theory of discovered peril.

The facts in this case were developed similarly as upon a former trial, and are fully stated in the opinion of this court upon the former appeal. 46 S.W.(2d) 469.

For further statement of the facts pertinent to the issue of discovered peril, the following is the testimony of the driver of the ambulance, given by the witness in person upon the first trial and read from the former record upon the second one, to wit:

"When I first saw him come out I applied the brakes and when he got to the middle of the street he hesitated and turned around and started to go back and I released the brakes when I saw he was going to be out of peril and he changed his mind and started back and ran the rest of the way and I applied the brakes and kept on. I pulled on the emergency brake and my attendant was ringing the bell and I was blowing the horn and I had the red light burning. I saw I couldn't miss him so I pulled into the right curb and, of course, cars were parked there and I had an accident with a car, besides the man. About the time I hit the truck that was parked on the side of the street this man ran into the side of my car. He ran into the spare tire that was·on the left front fender. The contact of the force of him hitting this tire threw his head against the spot light we had on the left side and that broke the glass in this spot light. Three red spot lights were on the car and they were burning. Their color was red. * * *

"After the negro got to the middle of the street and started to go back to the curb, like anyone would think, I thought he was out of peril and, of course, I released the brakes, but I did not start again because I didn't have time to put my foot on the accelerator."

The issue of discovered peril is not in the case, for the evidence shows conclusively and without contradiction that the driver did not discover, within sufficient time to avert the collision by the use of all the means at hand and with due regard to the safety of himself

and the other occupants of the ambulance, that appellee was in a perilous situation from which he could not or might not extricate himself, and likewise shows that the driver did seasonably use all the means at hand consistently with the safety of himself and the other occupants of the ambulance in the attempt to avoid the collision.

Therefore appellant's motion for rehearing is granted, the judgment of the district court is reversed, and judgment is here rendered that appellee take nothing by his suit.