Fulbright, Crooker & Freeman, of Houston (John H. Crooker and John H. Crooker, Jr., both of Houston, of counsel), for appellants.

Wood & Morrow and Sam Holliday, all of Houston, for appellee.

## BARBER et al. v. ANDERSON.

### No. 10678.

Court of Civil Appeals of Texas. Galveston.

Feb. 2, 1939.

Appellants' Rehearing Granted March 23, 1939.

Appellee's Rehearing Denied April 20, 1939.

MONTEITH, Chief Justice.

This is an appeal in an action brought in the District Court of Harris County by J. P. Barber, individually, and his minor daughter, Dorothy Barber, through him as next friend, appellants, against C. L. Anderson, appellee, for damages growing out of injuries received in a collision with an ice truck operated by appellee.

Dorothy Barber, a child six and one-half years of age at the time of the accident in question, had ridden with a neighbor, Edward Teas, from a school attended by her in West University Place into Avenue A immediately south of its intersection with Richmond Road in the town of Bellaire in Harris County, Texas, where she alighted from the car with the intention of proceeding to her home a short distance north of Richmond Road, when she was severely injured in a collision with an ice truck owned by appellee and driven by his employee, M. L. Price.

The evidence shows that Dorothy Barber had alighted from the rear seat of the Teas

car and hurriedly started across the intersection of Avenue A and Richmond Road when she ran into the side of the ice truck which was approaching from the west.

The evidence further tends to show, and the jury found in answer to issues submitted, that the operator of the truck at the time of the accident was driving at a moderate rate of speed; that he kept his truck under reasonable control and kept a reasonable lookout for persons crossing Richmond Road. The driver testified that he was watching a car driven by a Mr. Kelley which was approaching on Richmond Road from the east; that he sounded his horn continuously from a distance of some 75 yards before the collision and that he did not see Dorothy Barber until he reached the rear end of the Teas car when she ran from behind the car into the side of his truck; that when he saw her he applied his brakes and turned his truck to the left in order to avoid striking her but that one of the cross-beams on the body of the truck struck the child.

Appellants alleged that Dorothy Barber's injuries were caused by various acts of negligence on the part of the driver of the truck. Appellee answered by general demurrer, general denial, and specially pled contributory negligence of Dorothy Barber, in general terms. Appellant, by first supplemental petition, alleged that Dorothy Barber was not of sufficient age, intelligence, or discretion, to appreciate the dangers to which she was subjected in crossing Richmond Road.

The case was tried to a jury who in answer to the issues submitted, which included an issue on unavoidable accident, found that neither appellee nor Dorothy Barber were guilty of negligence and that the collision was the result of an unavoidable accident.

On this verdict the court rendered judgment in favor of appellee. The court refused to submit to the jury six issues on the theory of discovered peril specially requested by appellants, or any issues on discovered peril.

Appellants base this appeal on two main contentions: that the court erred in failing and refusing to submit their six specially requested issues or any issues on the theory of discovered peril; and, in admitting in evidence on cross-examination without limitation the testimony of George E. Kelley, a witness for appellants.

We are unable to agree with appellants in their contention that the court committed error in refusing to submit issues to the jury on the theory of discovered peril. A careful examination of the record fails to show any evidence reasonably tending to prove that the driver of the truck either actually discovered or realized that Dorothy Barber was in a position of peril until immediately prior to the collision at which time it is shown that he applied his brakes and turned his truck to the left in an unsuccessful effort to avoid the collision.

The doctrine of discovered peril does not arise unless and until there is an *actual discovery* (italics ours) of the perilous position of the injured party by the party inflicting the injury in time to avoid the injury by the exercise of ordinary care in the use of all the means at hand. It is held that if the party inflicting the injury had no such knowledge the duty was not imposed even though it is clear that by the use of ordinary care he might have acquired such knowledge and that mere negligence in failing to discover the peril does not of itself invoke the doctrine of discovered peril. Northern Texas Traction Co. v. Singer, Tex.Civ.App. 34 S.W.2d 920; Baker v. Shafter, Tex.Com.App., 231 S.W. 349; Northern Texas Traction Co. v. Weed, Tex.Com.App., 300 S.W. 41.

In the instant case there is some controversy as to the distance of the parked Teas car from the point of collision and appellants seriously contend that under all the circumstances in the case the driver of the truck should have seen Dorothy Barber and should have realized her peril during the time taken by her to cross this space. The rule has been definitely established by our courts, however, that mere duty or opportunity to discover, under the circumstances, will not raise the issue; that while the actual discovery of the injured party's peril may be established by circumstantial evidence the evidence must be such as to fairly warrant the inference that there was an actual discovery or actual knowledge of the perilous situation.

In order to warrant a finding that the driver of the truck discovered that Dorothy Barber was in a perilous position just before she was struck we would have to assume that he deliberately permitted his truck to strike her without making any effort to prevent it, a fact which cannot be assumed even if it was definitely established

that he was in a position where he could have seen the child if he had maintained a proper lookout. The jury found in answer to an issue submitted to it that the driver of the truck did at or just prior to the collision keep a reasonable lookout for persons crossing or attempting to cross into Richmond Road. Under the above state of facts the court was not in error in refusing to submit issues on the theory of discovered peril. Northern Texas Traction Co. v. Singer, supra; Galveston H. & S. A. v. Price, Tex.Com.App., 240 S.W. 524; Northern Traction Co. v. Weed, supra; Wichita Coco Cola Bottling Co. v. Levine, Tex.Civ.App., 68 S.W.2d 310; Galveston H. & H. R. Co. v. Sloman, Tex.Civ.App., 244 S.W. 268, 269; Baker v. Shafter, supra; Cantu v. South Texas Transportation Co., Tex.Civ.App., 110 S.W.2d 995; Gernsdorf-Sloan Ambulance Service v. Kenty, Tex.Civ.App., 75 S.W.2d 903.

Appellants further contend that the court erred in admitting in evidence, on cross-examination, the testimony of the witness George E. Kelley, a witness for appellants and an eye-witness to the accident as to statements made by him in reference to the accident shortly after the accident occurred. The testimony objected to included the following: "Q. I will ask you if you didn't tell Mr. Padgett on that occasion this: I told him first I thought the accident was unavoidable on the ground that the driver didn't see the child nor the child didn't see the driver until they were right together."

The following objection was made by counsel for appellants: "I object to this line of testimony for the reason that it calls for a conclusion of the witness which he is not qualified to give and it invades the province of the jury as to how he thought the accident occurred or whose fault it was."

The objection was overruled by the court. Counsel for appellant then requested that the question as read and the answer as given be limited solely to impeachment purposes and that the jury be so instructed to regard it as not proof of anything. This motion was overruled. The witness answered: "Yes, sir, I told him they could have seen one another but I don't know why they didn't. They could have seen each other. There was nothing to keep them from it, and they didn't see each other until they were right together."

The proper answer to the above question was either "yes" or "no". This answer would not have been a conclusion of the witness. The latter portion of the answer was added by the witness and was not responsive to the question asked. The record does not disclose that motion was made for the last part of the answer to be stricken. Since the above question was asked on cross-examination we think the court properly overruled appellants' objections to the admission of this testimony or their motion to limit it to impeachment purposes.

The record discloses that the witness had previously been asked if it was not his opinion from what he saw that the accident was unavoidable. Objection to this question was sustained by the court and the question was not again asked.

For the reasons above stated, the jury having found that no negligence was committed and that the collision was the result of an unavoidable accident, the judgment of the trial court will be in all things affirmed.

Affirmed.

## On Motion for Rehearing.

In our original opinion we held that the trial court had properly overruled appellants' objections to the testimony of George E. Kelley, a witness for appellants, who was asked by counsel for appellee if he did not tell a Mr. Padgett shortly after the accident that he thought the accident was unavoidable, on the ground that the driver of said truck did not see the child, and that the child did not see the driver, until they were right together, to which the witness answered, "Yes, sir, I told him they could have seen each other, but I didn't know why they didn't. They could have seen each other. There was nothing to keep them from it, and they didn't see each other until they were right together."

Appellants objected to this testimony on the ground that it called for a conclusion of the witness, and on said objection being by the court overruled, they requested that the question and answer be limited solely to impeachment purposes, and that the jury be so instructed. The court overruled appellants' objection to the introduction of the testimony and refused to limit it to impeachment purposes.

A careful review of the authorities convinces us that we were in error in so holding and that the rule has been established in this State that it is not permis-

sible for a witness to testify, either on direct or cross-examination, as to whether or not an accident is unavoidable, since this question is a legal conclusion to be determined by the jury only from the evidence detailed from the witness-stand.

In the recent case of Yessler v. Dodson, Tex.Civ.App., 104 S.W.2d 95, 97, in a state of facts similar in many respects to those in the instant case, a witness for appellee was called by appellant to testify as to a conversation in reference to details of the accident on which the case was based. The court at first admitted said conversation as impeaching evidence but afterwards struck same. The appellate court held that this action was proper, and in its opinion said: "The conversation amounted in effect to an expression of an opinion by bystanders upon one of the ultimate issues the jury was impaneled to try under instructions * * * there is apparently some divergence of view among American courts upon this question, but none in Texas, so far as our investigation reveals."

The court continuing says: "Even in states where such evidence is admitted, the rule is usually applied only in those cases where the opinion is closely related to the facts and implies the 'statement of a fact clearly in conflict with the testimony of the witness on the stand.'"

In the case of Houston E. & W. Texas R. Co. v. Adams, 44 Tex.Civ.App. 288, 98 S.W. 222, 224, it was sought to impeach a witness for defendant by statements he had made shortly after the accident. The court in its opinion says: "Appellee contends the answers were admissible as showing a change of front on the part of the witness, and in that way affecting his credibility. Counsel cites no authority in support of his proposition, and we are unable to perceive upon what ground it is permissible to get immaterial statements of a witness before a jury in order to show a change of front on the part of the witness." In this case the trial court instructed the jury that it should consider this testimony for no purpose except in so far as it might bear on the credibility of the witness. The appellate court held the testimony inadmissible for any purpose. This rule is established in the following cases: San Antonio Public Service Co. v. Alexander, Tex.Com.App., 280 S.W. 753; Southwestern Gas & Electric Co. v. Grant, Tex.Civ.App., 223 S.W. 544; Sonnefield v. Mayton, Tex.Civ.App., 39 S.W. 166; Stowell et al. v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 259 S.W. 311.

We also sustain appellants' contention that error was committed by the trial court in overruling appellants' motion to limit the above testimony to impeachment purposes.

The rule as announced in 45 Texas Jurisprudence, page 149, section 270, is as follows: "Generally speaking, a witness whose credibility is attacked may be shown to have made on another occasion a statement that is inconsistent with his testimony, for this tends to discredit him. But what the witness said on the previous occasion is admissible only to discredit; it does not tend and may not be used * * * to establish the cause of action or defense in a civil case."

In the case of Bradley v. Texas & Pacific Ry. Co., 1 S.W.2d 861, 864, the Commission of Appeals, in discussing this question, used this language: "The rule is settled that proof of inconsistent statements of a witness can be introduced and considered only for the purpose of impeachment, and not as substantive evidence of the truth of the matters stated."

In the case of Woodward Wanger Co. v. Nelson, Tex.Civ.App., 11 S.W.2d 371, 373, the court said:

"But evidence admissible only for the purpose of impeachment cannot be considered as establishing the truth of the matters contained in the contradictory statement. * * *

"The court did not err in limiting the evidence to the purpose stated. Gulf, C. & S. F. Ry. Co. v. York, 74 Tex. 364, 12 S.W. 68, and cases cited in 6 Michie, Digest, 45, 46."

The basis for this rule is the fact that if the jury is not limited in its consideration of this inconsistent statement admitted by the witness, it could give this evidence the same weight as if he had sworn in open court that the accident was unavoidable.

For the above reasons, appellants' motion for rehearing is granted, and judgment of the trial court is reversed and the cause remanded.

Motion granted.