(110 App. Div. 735)

### REEVES v. FOURTEENTH STREET STORE.

(Supreme Court, Appellate Division, Second Department. January 12, 1906.)

1. NEGLIGENCE—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action against the proprietor of a store for injuries to one who slipped and fell on a stairway in the store, evidence *held* insufficient to authorize a verdict for plaintiff.

2. TRIAL—ISSUES—UNAUTHORIZED INSTRUCTIONS.

In an action against the proprietor of a store for injuries to one who fell on a stairway in the store where the only negligence charged was that defendant permitted the stairway to become slippery and dangerous, a charge authorizing the jury to find for plaintiff, if the stairway was not sufficiently lighted, was fatally erroneous.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 587, 593.]

Appeal from Municipal Court of New York.

Action by Emma A. Reeves against the Fourteenth Street Store. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Theodore H. Lord, for appellant.
Robert McC. Robinson, for respondent.

GAYNOR, J. The plaintiff slipped and fell on the tread of a stairway in the defendant's dry goods store. Her husband was by her side. The only negligence charged by the complaint was that defendant permitted the stairway "to become slippery and dangerous." The day of the accident her husband wrote to the defendant that his wife slipped on a "wet spot" on the stairs. She testifies that immediately after the accident she and her husband examined the spot and:

"It looked like as though some one had spit up a lot of phlegm there and it had laid there the way it was for two or three days for it had dried around the edges of it and that is what I took it I fell on."

She says it looked as though her heel or the front of her foot had "slipped through it", which gives an impression of its size. Her husband says:

"It appeared to be a big mouthful of phlegm that had been there for some time, the edges were all crusty and where her foot went through it you could see the marks of the nails in the bottom of her shoe."

He gives its size:

"Where it started I should judge it was two inches across it, but where it spread it was about five to eight inches long and you could see the mark of the foot sideways in it."

This is the only evidence on the subject, on the plaintiff's side. At the time of the accident no one connected with the place was called to look at the condition. The defendant called employés who testified that the stairways were cared for all day, and that no such condition existed. They knew nothing of the accident.

The exaggerations of this interested wife and biased husband are manifest. It is difficult to understand why counsel allowed them, or how they imposed on any one. The "wet spot" of the husband's letter is changed on the trial to a mass of thick phlegm so large that it is incredible that any human being cast it out. She says it had lain there two or three days, "for it had dried around the edges." This is not evidence, but a mere statement of a conclusion. He says it was "crusty" on the edges, had been there for "some time", and that you could see the marks of the nails of her shoe as they went through it; and yet she had on ordinary shoes and not hobnail shoes.

The verdict was not justified either on the law or the facts. There was no evidence that the defendant knew of the mess on the stairway described by the plaintiff and her husband, nor from which it could be found that it was there so long that in ordinary care the defendant should have known of it and removed it. It could not remain there long with people constantly walking over it, to say nothing of the store being swept and cleaned daily.

Moreover, the justice charged the jury that they could find a verdict for the plaintiff if the stairway was not sufficiently lighted, although there was no such issue on the pleadings. The exception to this is also fatal to the judgment.

Judgment reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.