BAKER v. SHAFTER.   (No. 6124.) *

(Court of Civil Appeals of Texas. San Antonio. Jan. 22, 1919. Rehearing Denied Feb. 19, 1919.)

1. APPEAL AND ERROR ⊙⟶930(3) — REVIEW — FINDINGS OF FACT—PRESUMPTIONS.

Where answers to special interrogatories are in themselves an incomplete verdict, it will be presumed on appeal that the trial court made the necessary findings to support the judgment, if there is evidence justifying such findings.

2. RAILROADS ⊙⟶352—FINDINGS.

Where plaintiff, struck at a railroad crossing, pleaded that engine was carelessly operated and engineer failed to use brakes, a finding on the issue of discovered peril was within the pleading.

3. RAILROADS ⊙⟶348(2)—PERSONAL INJURIES —ACTIONS—EVIDENCE—SUFFICIENCY.

In an action for injuries to a pedestrian, struck by a locomotive while crossing a street without maintaining a proper lookout, evidence *held* sufficient to warrant the court in completing a special verdict by a finding of negligence on the part of the engineer which proximately caused the injury.

4. NEGLIGENCE ⊙⟶83 — PROXIMATE CAUSE — DISCOVERED PERIL.

Where plaintiff's negligence continues to the time of injury, if defendant has discovered plaintiff's danger and realizes that he is ignorant thereof, but negligently fails to prevent the accident, defendant's negligence is the proximate cause of the injury, and plaintiff's negligence only remote.

Appeal from District Court, Bexar County; J. T. Sluder, Judge.

Action by Victor Shafter against the International & Great Northern Railway Company and James A. Baker, its receiver. Judgment for plaintiff, and defendant Baker appeals. Affirmed.

John M. King, of Houston, Marshall Eskridge and F. C. Davis, both of San Antonio, and A. V. Wright, of Leakey, for appellant. J. D. Childs, of San Antonio, and Martin Faust, of New Braunfels, for appellee.

MOURSUND, J. Victor Shafter sued the International & Great Northern Railway Company and James A. Baker, its receiver, for damages for personal injuries alleged to have been sustained through the negligence of the defendants. The defendants answered by general denial and plea of contributory negligence. Plaintiff dismissed as to the railway company, and a judgment was rendered against the receiver for $3,000, upon a special verdict, which each of the parties contended entitled him to a judgment.

The court, after defining negligence, submitted the following questions, in addition to the one relating to amount of damages, each of which was answered in the affirmative:

"No. 1. Was the defendant, James A. Baker, receiver of the International & Great Northern Railway Company, his agents and employés, guilty of negligence in operating its engine at the time and place, under the circumstances, in running its engine over the plaintiff and inflicting the injuries which you may find from the evidence were so inflicted on the plaintiff?

"No. 2. Was the plaintiff guilty of negligence in attempting to cross the railroad tracks of the defendant at the time and place and under the circumstances which you may find from the evidence he so undertook to cross said tracks when he was struck by the engine of the defendant?"

[1] No request was made for submission of questions relating to proximate cause, and the verdict is incomplete; that is, in such form as to be insufficient on its face to entitle either party to a judgment. We must presume that the trial court made the necessary findings to complete the verdict, so that it will support the judgment, provided there is evidence on which such findings could be based. The findings to be supplied are, first, that defendant's negligence was a proximate cause of the injury suffered by plaintiff; and, second, that plaintiff's negligence did not proximately cause or contribute to cause such injury. Appellant contends that the evidence is of such character that as a matter of law neither of such findings can be sustained.

Plaintiff was struck by the switch engine at the intersection of Lakeview avenue and Salado street. The engine, with no cars attached, was running north on Salado street, and plaintiff crossed such street diagonally, and was in the center of Lakeview avenue, when struck by the engine. Lakeview avenue is 65 or 75 feet wide. The engineer testified he was running at the rate of about 6 miles an hour; another witness, Alford, estimated the speed of the engine at 10 miles an hour. An expert witness testified that a switch engine, without cars attached, going at the rate of 10 miles an hour, could be stopped within 8 or 10 feet. The fireman testified (and, his testimony being conflicting, we state that most favorable to plaintiff, in deference to the judgment) that he called the engineer's attention to stop when he was 75 feet from Lakeview avenue, at which time he saw plaintiff about to get on

⊙⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

208 S.W.—61   *Writ of error granted by Supreme Court April 2, 1919.

the track. Taking this as true, the engineer had at least 100 feet in which to stop the engine. Again, the fireman testified the engine went about 40 feet after he called to the engineer before it struck plaintiff. The engineer was at his post and had his hand on the lever when the fireman called to him. The engine went about 10 or 12 feet after striking plaintiff. Alford who saw the engine when it was about 75 or 80 feet south of the crossing, testified:

"The engine did not decrease its speed any from the time I first observed it, so that you could notice it."

This statement, coming as it did right after the description of the accident, was obviously intended to apply to the time intervening between the accident and when he first saw the engine. The plaintiff had a muffler around his head, and looked straight ahead as he crossed the street diagonally in a northeasterly direction facing nearly away from the engine.

The court was authorized to find that plaintiff's negligence consisted in the failure to keep a proper lookout, that it continued up to the time he was injured, and that he did not become aware of the danger until struck by the engine. He was authorized to find that the fireman discovered that plaintiff was negligently undertaking to cross the track, and not aware of the approach of the engine; that such discovery was made in ample time to prevent injury to plaintiff by stopping the engine; that the circumstances were not such as to justify the fireman in acting upon an assumption that plaintiff would of his own accord get out of the way and avoid the danger, and that the fireman did not act on any such assumption; that he called to the engineer to stop the engine, and the latter heard the call; that the engineer was negligent in his operation of the engine after being thus notified to stop, with the result that plaintiff was run down and injured.

[2] Question No. 1 submitted to the jury did not limit the inquiry to any particular act or method of operating the engine, and was broad enough to include the failure to apply the brakes and bring the engine to a stop as quickly as could have been done without endangering the lives of the engineer and fireman. The pleading was general, and contained the averment that the engine was carelessly operated and that brakes were defective, "or the operatives of the engine negligently failed to use them at said time and place." There was no specific plea raising the issue of discovered peril, but as the doctrine of discovered peril or last clear chance simply furnishes a means for determining whether the plaintiff's negligence is a remote or proximate cause of the injury, and is based on the principle that a party who has the last opportunity of avoiding accident is not excused by the negligence of any one else, that his negligence and not that of the one first in fault is the sole proximate cause, it seems clear that the issue of discovered peril is involved in the general issue of proximate cause. We do not mean to say that a plaintiff cannot by his pleading place himself in such a position as to deprive himself of the benefit of discovered peril, for he may so restrict his averments as to raise no issue to which the fact of discovery of the danger could apply. But when the issue is raised in a general way as to failure to stop the engine, we believe the inquiry whether that act was the proximate cause of the injury necessarily includes an inquiry into the situation of the parties and their opportunities for avoiding the accident. We have found no Texas case on this point, but cite in support of our view the case of Mosso v. Stanton Co., 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A, 943.

[3] If the testimony of the fireman is taken as true with reference to the time when he called to the engineer, and is considered in connection with that relating to the distance in which an engine could be stopped, as well as that of Alford to the effect that he was unable to perceive any slowing up of the engine, the conclusion must be reached that the court was warranted in finding that the engineer either failed to use his brakes or used them negligently, and that, had he made proper use of all the means at hand to stop the engine, plaintiff would not have been injured.

[4] It appears to be well settled that, even if plaintiff's negligence continues up to the time he is run over, if the defendant has discovered plaintiff's presence in a situation of danger, and realizes that plaintiff is ignorant of such danger, and negligently fails to take such steps as, if taken, would have prevented the accident, the defendant's negligence will be deemed the proximate cause of the injury, and plaintiff's negligence only a remote cause. Notes, 45 L. R. A. (N. S.) 896; 36 L. R. A. (N. S.) 957; 7 L. R. A. (N. S.) 132. Applying this rule to the facts of this case, as we must deem them to have been found by the court, it appears that the court was warranted in making such findings as support the judgment and are not contradictory of anything found by the jury.

The judgment must therefore be affirmed.