BAKER v. SHAFTER.   (No. 213–3312.)

(Commission of Appeals of Texas, Section A. June 1, 1921.)

1. **Appeal and error** ⊖⇒930(3)—**In absence of objection, it will be presumed that special issues conform to pleadings and evidence.**

In an action against a railway company for personal injuries sustained in a crossing accident, in the absence of any objection to the special issues submitted or request for special charges correctly submitting the issues, those submitted will be presumed to conform with the pleadings and evidence, and treating the issues submitted as embracing the only theory relied upon by plaintiff, it follows that, the jury having found plaintiff guilty of negligence, such negligence bars recovery unless the pleadings or evidence raise the issue of discovered peril, so that, under Rev. St. 1911, art. 1985, all facts necessary to support the judgment can be deemed found.

2. **Negligence** ⊖⇒83—**Doctrine of "discovered peril" stated.**

The doctrine of discovered peril involves the exposed condition brought about by the plaintiff's negligence; the actual discovery by defendant's agents of plaintiff's perilous situation in time to avert, by use of all means at their command, commensurate with their own safety, injury to him, and the failure thereafter to use such means.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Discovered Peril.]

3. **Negligence** ⊖⇒119(6) — **Discovered peril must be pleaded.**

To invoke the doctrine of discovered peril, it must be pleaded.

4. **Railroads** ⊖⇒345(1) — **Issue of discovered peril held not raised by pleading.**

In action against railroad for injuries in a crossing accident, pleadings which failed to assert the actual discovery by defendant's agents of plaintiff's perilous situation in time to

have averted the accident by the use of means at their command commensurate with their own safety are lacking in one of the essential elements of discovered peril.

**5. Judgment ⬧⟶251(1), 256(2)—Judgment must conform to issues pleaded; courts may not ignore findings and pass judgment.**

Judgments must conform to issues raised by pleadings and upon which case was tried, and courts cannot gnore jury's findings and render judgment upon theory of discovered peril in an action for personal injuries in railroad crossing accident where such matter was not pleaded.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Victor Shafter against the International & Great Northern Railway Company and James A. Baker, its receiver. Action dismissed as to the Railway Company. Judgment for plaintiff, and the receiver appealed to Court of Civil Appeals, which affirmed the judgment (208 S. W. 961), and the receiver brings error. Reversed and remanded.

Jno. M. King, of Houston, and Marshall Eskridge, F. C. Davis, and Arthur V. Wright, all of San Antonio, for plaintiff in error.

J. D. Childs, of San Antonio, and Martin Faust, of New Braunfels, for defendant in error.

SPENCER, J.    Victor Shafter instituted this suit to recover of the International & Great Northern Railway Company and its receiver, James A. Baker, for personal injuries alleged to have been sustained by reason of the negligence of the defendants. The answer was a general denial, and a plea of contributory negligence. The suit was dismissed as to the railway company.

Upon the issue of liability, the court submitted but two issues to the jury, both of which were answered in the affirmative. They are:

"No. 1. Was the defendant, James A. Baker, receiver of the International & Great Northern Railway Company, his agents and employés, guilty of negligence in operating its engine at the time and place, under the circumstances, in running its engine over the plaintiff and inflicting the injuries which you may find from the evidence were so inflicted on the plaintiff?

"No. 2. Was the plaintiff guilty of negligence in attempting to cross the railroad tracks of the defendant at the time and place and under the circumstances which you may find from the evidence he so undertook to cross said tracks when he was struck by the engine of the defendant?"

The court rendered judgment for plaintiff in the sum of $3,000, and, upon appeal, the Court of Civil Appeals affirmed the judgment. 208 S. W. 961.

It will be observed that, in each of the special issues submitted, the element of proximate cause was omitted. It also appears

that neither of the parties requested a finding upon this issue, and that the only objection to the special issues submitted was that by plaintiff in error to special issue No. 1—the objection being that there was no evidence warranting its submission.

[1] Plaintiff's pleading properly raised the issue of defendant's negligence as the proximate cause of the injury, and defendant's pleading specifically charged that plaintiff's contributory negligence was the proximate cause thereof. In the absence of any objection to the special issues submitted, and the failure of the parties to request special charges correctly submitting the issue, it will be presumed that the issues were in conformity to the issues joined by the pleadings and the evidence, and the answers thereto will be interpreted in the light of the issues tendered and relied upon for recovery. If, therefore, we treat the issues submitted as embracing the only theory relied upon by plaintiff for recovery, it would follow that, as the jury found that plaintiff was guilty of negligence, such negligence bars a recovery. However, plaintiff contends that, as the pleadings and the evidence raise the issue of discovered peril, all facts necessary to support the judgment of the trial court will, under article 1985, Revised Civil Statutes, be deemed as found, thus rendering the finding of the jury that plaintiff was guilty of negligence immaterial.

The honorable Court of Civil Appeals held that, while there was no specific plea of discovered peril, it is involved in the general issue of proximate cause, and raised in a general way by the allegations that the operative in charge of the engine failed to stop it, and that, as there was evidence upon which a finding sustaining such an issue could be predicated, therefore, in support of the trial court's judgment, plaintiff's negligence should be treated as the remote, and not the proximate, cause of the injury.

[2, 3] The doctrine of discovered peril involves three elements, viz: (1) The exposed condition brought about by the negligence of the plaintiff; (2) the actual discovery by defendant's agents of his perilous situation in time to have averted—by the use of all the means at their command, commensurate with their own safety—injury to him; and (3) the failure thereafter to use such means. To invoke the doctrine of discovered peril, it must be pleaded. Stewart v. Portland, etc., Ry. Co., 58 Or. 377, 114 Pac. 936.

[4] The allegations of the pleadings relied upon as raising the issue are:

Plaintiff alleged:

"Plaintiff further avers that at said time and place it was the duty of defendants:

"(a) To operate their switch engines, at all hours while in motion, at said crossing in charge of and under the control of careful and competent firemen, engineers, and other operatives,

switchmen, or watchmen, by keeping a close and careful watchout ahead for pedestrians and others who might be on or in places of danger near the tracks, so as to be able to see them and prevent their injury by said heavy and dangerous instrumentalities thus propelled along such public streets, and to so adjust the speed of such switch engines as to have them under perfect control, and be able to stop them in short order when necessary to preserve human life or limb that might be lawfully on the said tracks, which the defendants, their servants, and employees negligently failed to do on this occasion, and which they could or should have done, and they then and there failed to keep such proper lookout, and if they had done so they could have stopped said engine and prevented said injury to plaintiff, which they failed to do, and thus their negligence became and was the proximate cause of plaintiff's said injuries. * * *

"(c) It was also the duty of defendants to maintain safe, proper, and up-to-date appliances and machinery with which the operatives were to operate and control their switch engines while in the streets of said city at the time and place in question, in order to stop said engines in short and proper order in case of persons suddenly getting on their tracks in front of such moving engines, and the' defendants either negligently failed to equip and furnish their switch in question on this occasion with such safe appliances or equipments, or the operatives of said switch engine negligently failed to use the same, and thereby said failure of duty on the part of defendants became and was a proximate, contributing cause to plaintiff's said injuries."

Defendant pleaded:

"That plaintiff had frequently, prior to the accident, passed over said tracks at this point, and well knew that there might be expected engines and cars to be passing over said tracks and across Lakeview avenue at any time. But, notwithstanding this knowledge, plaintiff walked diagonally across said tracks, and without stopping, looking, or listening negligently stepped immediately in front of a moving engine, and, before his peril was discovered by the operatives thereof, suffered the accident complained of; wherefore he cannot recover."

It will thus be seen that there is no allegation charging the second essential element of discovered peril; that is, that the operatives in charge of the train discovered plaintiff's perilous situation in time to have averted injury to him. Neither was the issue submitted nor requested to be submitted to the jury for a finding.

[5] It is apparent, we think, that plaintiff did not rely upon discovered peril for a recovery. In this condition of the record, it is improper to inject such an issue into the case. The judgment must conform to the issues raised by the pleading, and upon which the case was tried. Courts are not at liberty to ignore the findings of the jury in response to issues tried and submitted, and to render judgment based upon a theory not relied upon for recovery.

The case, in our opinion, will, of necessity, have to be reversed, and, as the Court of Civil Appeals found that there was evidence raising the issue of discovered peril, the ends of justice will be best subserved by remanding the cause for another trial. Camden Fire Ins. Co. v. Yarbrough, 215 S. W. 842, and authorities there cited.

Therefore, we recommend that the cause be reversed, and remanded for a new trial.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.