## ECHOLS v. DUKE et al.
### No. 3056.

Court of Civil Appeals of Texas. Beaumont.
March 1, 1937.

Rehearing Denied March 10, 1937.

Fulbright, Crooker & Freeman, of Houston, and Fairchild & Redditt, of Lufkin, for appellant.

Lawler, Wood & Childress, of Houston, and Collins & Collins, of Lufkin, for appellees.

484

WALKER, Chief Justice.

On or about the 8th day of May, 1934, appellee, Ivo Duke, in the discharge of the duties of his employment with Joe D. Hughes, was driving one of his employer's trucks on the public road, from New London, Rusk county, Tex., to Conroe, Montgomery county, Tex. About 11:30 p. m. on that date, five miles south of the city of Lufkin. in Angelina county, the truck he was driving collided with the truck owned by appellant, George H. Echols, and operated at the time of the collision by one of his servants, and which was being driven in an opposite direction from that of appellee's truck. This suit was instituted in the district court of Angelina county by appellee against appellant, Echols, and Texas Employers Insurance Association, for damages resulting to him from the injuries suffered by him in the collision. We quote as follows from appellee's petition:

"To Echols' said truck was attached a semitrailer and upon said truck and trailer rested a float bed. Immediately prior to and at the time of said collision, one end of said float bed was loose and the bed lay diagonally across the truck and protruded from said truck on the driver's side thereof, extending downward and out several feet across the center of said highway, and into the west side thereof, in the path of all vehicles traveling thereon. The time when and the manner in which said float bed became loose are unknown to plaintiff; but plaintiff alleges that said bed had been loose from some time prior to said collision, that Echols' said agent, servant and employee had been driving said truck in said condition for several miles and knew that said float bed was loose and protruding into the west side of said highway, or by the exercise of reasonable diligence could have learned thereof and was, therefore, chargeable in law with knowledge thereof; yet, notwithstanding such knowledge he was operating said truck upon said highway with said float bed protruding as above alleged. Plaintiff further alleges that said truck bed was attached to said truck in a defective manner (the precise nature of which is unknown to plaintiff), causing said bed to become loose and swing from side of said truck in the manner heretofore alleged; that Echols and his said agent knew of said defective condition, or by the exercise of reasonable care could have learned thereof; notwithstanding which said truck was operated upon said highway, at the time

and place above alleged in said defective condition."

He pleaded other grounds of negligence, but they were abandoned on trial. Appellant, Echols, answered by demurrers, general and special, general denial, and specially:

"This defendant should show further to the court that at the time, place and upon the occasion in question the bed of the truck alleged in plaintiff's petition to be the property of defendant was securely attached to the truck and trailer in question by the use of chains passing around and over said bed and the parts of said truck and trailer, binding said bed tightly to said truck and trailer. That this defendant nor any of his agents, servants and employees had no knowledge or notice at any time of any of the acts or matters of fact alleged in plaintiff's pleadings charging defendant, his agents, servants and employees with wrongful conduct and with permitting to exist in the facts, conditions and circumstances alleged in said pleadings, if the same ever in fact existed, and this defendant denies the existence thereof at any time; that if any of said matters, facts, circumstances or conditions set forth in plaintiff's said pleadings and charged against the defendant, his agents, servants and employees, did exist, the same existed for such a short time prior to the collision referred to in plaintiff's pleadings that the defendant, his agents, servants and employees had no knowledge or notice of any character thereof, and did not know of the same within such time to prevent the collision referred to; said matters, facts, conditions and circumstances alleged by plaintiff and charged against defendant, his agents, and servants and employees, occurred, if at all, suddenly and unexpectedly to them, and each of them, and there being no way or means by which defendant, his agents, servants and employees could have known thereof or had notice thereof under the circumstances alleged in plaintiff's pleadings."

He also pleaded against appellee contributory negligence, etc.

No issue is before us involving the rights of defendant Texas Employers Insurance Association. Only the following issues were submitted by the court's charge to the jury on the issue of appellant's negligence, answered as indicated:

"Issue No. 1: Do you find from a preponderance of the evidence that immediate-

ly prior to and at the time of the collision, the truck of defendant Echols was being driven with the float bed thereon protruding from the left side of the truck into its left side of the highway?" Answered "Yes."

"Issue No. 2: If you have answered the preceding issue 'Yes,' then answer the following issue:

"Do you find from a preponderance of the evidence that the agents, servants· and employees, of defendant Echols who were driving said truck, failed to discover that the float bed was so protruding, if you have so found?" Answered "Yes." ·

"Issue No. 3: If you have answered the preceding issue 'Yes,' and only in that event, you will answer the following issue:

"Do you find from a preponderance of the evidence that the defendant Echols, his servants and employees, operating his said truck, by the exercise of ordinary care, should have discovered that said float bed was so protruding, if you have so found?" Answered "Yès."

"Issue No. 4: If you have answered the preceding issue 'Yes,' and only in that event, then you will answer the following question:

"Do you find from a preponderance of the evidence that the failure of the defendant Echols' agents, servants and employees, to make such discovery, if you have so found, was a proximate cause of the collision and resulting damages, if any, suffered by the plaintiff?" Answered "Yes."

All issues of contributory negligence and the issue of "unavoidable accident" were found in appellee's favor. The jury assessed his damages at the sum of $15,000; it was further found that Texas Employers Insurance Association was entitled to recover $1,805.02 of that sum on its plea of subrogation. From the judgment entered on the verdict of the jury in favor of appellee and Texas Employers Insurance Association, appellant duly prosecuted its appeal to this court.

Appellant reserved the following exceptions to special issue No. 2: "The defendant objects and excepts to special issue No. 2, for the reason that the same assumes as a fact that the agents, servants and employees of defendant in charge of the truck in question could have discovered that the float bed of the defendant's said truck was protruding a sufficient distance

therefrom on the left-hand side thereof to be discovered; that they could have discovered the same, and that they could have discovered such protrusion from their left-hand side of the highway in question in time to have avoided the collision with plaintiff's truck; that the same is a charge upon the weight of the evidence."

The same exceptions were reserved to special issue No. 3.

Time was an essential element in appellee's issues of negligence against appellant, in that the defective condition complained of and found by the jury must have continued long enough to justify the inference that the failure to discover it was due to want of ordinary care. Both under his special plea, that his servant did not know of the defective condition complained of "within such time as to prevent the collision referred to," and under his general denial, appellant was entitled to an affirmative presentation of the issues of negligence. with the time element included. The omission of the time elements in issues Nos. 2 and 3 was called affirmatively to the court's attention by proper exceptions timely filed and presented to the court. There was evidence to support the jury's answers to the questions submitting negligence; the evidence also raised the issue that the defective condition complained of should have been discovered by appellant's servant in time to prevent the accident, but the jury, under the evidence, ·could have found against appellant on that issue.

The time element as it relates to negligence has been discussed many times by our courts. In Graham v. F. W. Woolworth Co. (Tex.Civ.App.) 277 S.W. 223, 224, it was said:

"Upon the trial in the present suit there is a complete failure to show that defendant or any employee knew of the presence of the liquid upon the floor of the passageway prior to the time of plaintiff's injury, nor is there anything to show how long the liquid had been there. The evidence does not definitely show how the liquid got upon the floor. The only reasonable inference is that the bottle containing the same was dropped by some one going in or out of the store, and, so far as this record discloses, this may have happened just a few moments before the plaintiff stepped upon the spot.

"A merchant is not an insurer of the safety of the patrons of his store while up-

on the premises. He is bound to exercise due care to protect them from accidents such as happened to the plaintiff, but no breach of that duty to this plaintiff is shown, in the absence of any evidence of notice to the defendant of the broken bottle and liquid on the floor, or that it had been there long enough to charge defendant with notice of its presence, and time to remove the liquid and broken glass, or otherwise safeguard those using the passageway. De Velin v. Swanson (R.I.) 72 A. 388; Norton v. Hudner, 213 Mass. 257, 100 N.E. 546, 44 L.R.A.(N.S.) 79; John Thompson Grocery Co. v. Phillips, 22 Colo.App. 428, 125 P. 563; Schnatterer v. Bamberger, 81 N.J.Law, 558, 79 A. 324, 34 L.R.A.(N.S.) 1077, Ann.Cas.1912D, 139; Dudley v. Abraham, 122 App.Div. 480, 107 N.Y.S. 97; Reeves v. Fourteenth St. Store, 110 App. Div. 735, 96 N.Y.S. 448.

"For the reason indicated, actionable negligence upon the defendant's part was not shown."

In Missouri, K. & T. Ry. Co. v. Jones, 103 Tex. 187, 125 S.W. 309, 310, plaintiff sued for damages suffered by him in attempting to alight from one of appellant's trains, on the allegation that appellant was guilty of negligence in leaving a bolt at the point where he attempted to alight. In that case the court said: "In order to constitute it [negligence], the bolt must have been put on the track by some employee, or its presence there must have been known to some of them before the accident, or must have continued long enough to justify the inference that the failure to know it was due to a want of the proper care."

Texas & Pac. Ry. Co. v. Endsley, 103 Tex. 434, 129 S.W. 342, is the leading authority in Texas on the issue of the time element in negligence cases; that case has been cited on that point many times. See Shepard's Texas Citations.

Appellee advances the following counter proposition in answer to appellant's assignments of error against issues Nos. 2 and 3: "Special Issues Nos. 2 and 3 were correctly submitted, and are not subject to the objection that they assume appellant's agents in charge of his truck could have discovered that the floatbed was protruding therefrom in time to have avoided the collision, because the sole question of negligence presented by said issues was failure to exercise ordinary care to discover that the floatbed was protruding into the opposite side of the highway prior to the collision; and the question of whether the discovery could have been made in time to avoid the collision is not an element of such negligence, and is not assumed or submitted by said issues, but is material solely to the issue of proximate cause, and is one of the facts the jury must find in determining whether such failure to exercise ordinary care to discover that the floatbed was so protruding was a proximate cause of the collision."

In support of this counter proposition, appellee presents the following argument: (a) "Special Issues 2 and 3 do not assume, as appellant contends, that appellant's agents could have discovered the protruding floatbed in time to have avoided the collision. The time factor is not relevant to the question of negligence presented by these issues. The only question submitted by said issues was whether the operation of said truck with the floatbed protruding therefrom was for such a length of time prior to the collision that appellant's agents, by the exercise of ordinary care, should have discovered such condition before the collision occurred. If so, the failure to discover such condition was negligence, and the jury so found."

This argument is not a correct statement of the law of negligence, in that it ignores the time element. The failure to discover the condition complained of was not negligence on the part of appellant, unless his agents discovered it, or should have discovered it in the exercise of ordinary care, in time to have prevented the collision.

(b) Appellee argues further: "Whether such negligence was the proximate cause of the collision, however, does present the time element, for failure to discover such condition could legally be the proximate cause of the collision only when such discovery probably would have prevented the collision. In determining that the failure to discover such condition caused the collision and that the collision would not have occurred if such condition had been discovered (as the jury must have done in answering Special Issue No. 4 in accordance with the court's definition of 'proximate cause'), the jury necessarily determined that the discovery could have been made in time to have prevented the collision. Failure to discover such condition, therefore, could not have been found to be a proximate cause of the collision unless such discovery could have been made in time to avoid the collision. The time element

thus is implicit in the finding of proximate cause, and has no bearing whatever on the question of negligence presented by Special Issues 2 and 3."

The following authorities support appellee's argument that the time element was inherent in the issue of proximate cause: St. Louis Southwestern Ry. Co. v. Wallace (Tex.Civ.App.) 200 S.W. 178; Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049; 52 C.J. 645. But, apart from the issue of proximate cause, on the very facts of this case, appellant was not guilty of negligence—and that without relation to the issue of proximate cause—unless the condition upon which appellee predicated his cause of action continued long enough to justify the inference that failure to know it was due to want of proper care.

**(c)** We again quote from appellee's argument: "If Special Issues Nos. 2 and 3 had been framed as appellant contends they should have, the jury would have found, in answering them affirmatively, that appellant's agents failed to use ordinary care to discover that the floatbed was so protruding in time to have avoided the collision, and this finding would have made an issue on proximate cause unnecessary, because if the truck was being operated with the floatbed so protruding at the time of the collision, and the discovery of such fact prior to that time would have prevented the collision, then as a matter of law the failure to make such discovery was a proximate cause of the collision. The issues so framed, therefore, would have been duplicitous: both negligence and proximate cause would have been submitted in a single issue."

This argument is not a correct statement of the law of negligence. Had the jury answered questions 2 and 3 with the time element included, the facts found by these answers would have amounted to negligence against appellant, but would not have constituted proximate cause. That issue would have had to go to the jury on an independent submission. In negligence cases—even when the act charged constitutes negligence as a matter of law—proximate cause is an essential part of the plaintiff's cause of action, and must be affirmatively submitted to the jury as an independent fact. Texas & N. O. Ry. Co. v. Harrington (Tex.Com.App.) 235 S.W. 188; St. Louis Southwestern Ry. Co. v. Smithhart (Tex.Civ.App.) 9 S.W.(2d) 146; Shannon v. Horn (Tex.Civ.App.) 92 S.W.

(2d) 1090; Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S.W. 363; Hines v. Foreman (Tex.Com.App.) 243 S.W. 479, 480; Tex.Jur. vol. 30, § 41; C.J. vol. 45, p. 984, § 539.

In Northern Texas Traction Co. v. Weed, 300 S.W. 41, 42, the Commission of Appeals, opinion by Judge Critz, had before it the very points presented by appellee's counter proposition. That was a case of "discovered peril." The issue was submitted by questions Nos. 12, 13, and 14 as follows, answered as indicated:

"Did the motorman operating the street car in question discover the perilous position, if any, of Katherine Marguerite Weed and the car she was driving? Answer: Yes. * * *

"Did the motorman operating the street car in question, after discovering, if he did, the perilous position, if any, of the said Katherine Marguerite Weed and said automobile, in the exercise of ordinary care consistent with the safety of said street car and its occupants, use all the means at hand to prevent the collision and injuries in question? Answer: No. * * *

"Was such failure, if any, the proximate cause of the collision and injuries in question? Answer: Yes."

The appellant in that case made the same objections to these issues made by appellant in this case; that is, that these issues failed to include the time element. Sustaining these objections, Judge Critz said:

"By its fifth assignment of error the traction company, plaintiff in error, complains of the way in which the trial court submitted to the jury the issue of discovered peril, the objection to such form of submission being that the court did not require the jury to find that Miss Weed's peril was discovered at a time when, by the use of all the means at hand, the motorman could have avoided the collision. The issues submitting this phase of the case are 12, 13, and 14, above quoted, and special issue No. 11, which is as follows:

"'Under all the facts and circumstances shown by the evidence, was plaintiff, Katherine Marguerite Weed, and the Cadillac automobile she was driving, in a position of peril before the collision between the street car and the Cadillac automobile? Answer yes or no. Answer: Yes.' * * *

"Counsel for the defendant in error very ably present the proposition that the jury in answering special issues 11, 12, 13, and

14, found all the requisite facts necessary to establish the disputed issue of discovered peril, in that they found that the motorman failed to use all the means at hand to prevent the collision after he had discovered the peril of the defendant in error, and that such failure was the proximate cause of the collision and injury. Defendants in error contend that such a finding was in legal effect a finding that the motorman discovered her peril in time to have prevented the injury by the use of all the means at hand. It may be that such is the legal effect of the findings of the jury to these issues, but we think that the traction company was entitled to a direct, concrete, and affirmative presentation of this issue to the jury. We should not look at the court's charge from the standpoint or experience of trained lawyers, but 'we must look at the court's charge as practical experience teaches that a jury, untrained in the law, would view it.' Galveston, H. & S. A. Ry. Co. v. Washington, 94 Tex. [510] 517, 63 S.W. [534] 538. When measured by this rule, we do not think the charge was sufficient to direct the attention of the jury to the essential element of discovered peril, that of time."

■ As we understand appellee's brief, he would distinguish his case from the cases involving the issue of discovered peril on the proposition that, in cases of discovered peril, negligence and proximate cause are not involved. The authorities do not support this distinction. In the Weed Case cited above, Judge Critz' argument rested upon the proposition that time was an essential element in the issue of discovered peril. Speaking for the San Antonio Court of Civil Appeals in Gersdorf-Sloan Ambulance Service, Inc., v. Kenty, 46 S.W.(2d) 469, 470, Judge Smith said:

"To entitle appellee to recover in this case under the doctrine of discovered peril it was incumbent upon him, as it is in all cases under that doctrine, to prove and elicit jury findings, whether singly or collectively (1) that appellant's driver actually discovered appellee's position of danger and realized, or at least should have realized, that the latter could not or might not extricate himself from the dangerous situation; (2) that the driver made such discovery in time to avoid the collision by use of all the means at his command, with due regard to the safety of himself and others occupying the ambulance; and (3)

that he negligently failed to use such means; and (4) that such failure was the proximate cause of the injuries complained of.

"A proper submission of the issue of discovered peril includes all the elements mentioned, and a failure to include the element of time (Missouri, K. & T. Ry. v. Eyer, 96 Tex. 72, 70 S.W. 529; Northern Texas Traction Co. v. Weed [Tex.Com.App.] 300 S.W. 41; Baker v. Shafter [Tex.Com. App.] 231 S.W. 349), or the realization of appellee's perilous situation (San Antonio & A. P. Ry. v. McMillan, 100 Tex. 562, 102 S.W. 103), or the relative safety of appellee upon the one hand, and the driver and his passengers upon the other (Baker v. Shafter, supra), constitutes reversible error.

"It will be observed that none of these elements was submitted in the court's charge, and appellant objected thereto on grounds specifically referred to in the preceding paragraph hereof. According to the authorities cited, the omission of those elements from the submission to the jury of the issue of discovered peril, in the face of objections upon that ground, was reversible error."

Holding that negligence is an essential element in discovered peril, in Schaff v. Copass (Tex.Civ.App.) 262 S.W. 234, 235, 240, the court said: "The duty thus imposed * * * is entirely independent of and aside from the causes which have created it. Generally speaking, the rules in negligence cases apply here. Ordinary care in the use of all means at hand consistent with the safety of others furnishes the measure of responsibility."

■ It is our conclusion that the lower court committed material error in overruling appellant's exceptions to issues 2 and 3.

We overrule appellant's contention that it was entitled to an instructed verdict. As stated above, the issues of negligence upon which appellee predicated his cause of action were raised by the evidence.

We pretermit a discussion of appellant's proposition that the court erred in refusing to grant him a new trial on the ground of newly discovered evidence.

For the errors discussed, the judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.

## On Rehearing.

On rehearing appellees call our attention to Marek v. Southern Enterprises, Inc., 99 S.W.(2d) 594, a very recent case by the Commission of Appeals, Judge Hickman writing the opinion, with this statement: "The Marek Case cannot be distinguished in principle from the case at bar." In our judgment the Marek Case is not at all in point. In support of this conclusion we quote as follows from the argument of appellant answering appellee's motion for rehearing:

"The only contention made in appellees' argument supporting its motion for rehearing is that the opinion of this court is in direct conflict with the opinion of the Commission of Appeals in the case of Marek v. Southern Enterprises, Inc., 99 S. W.(2d) 594.

"This contention is clearly unsound. The point decided in that case is altogether different from the question upon which this court has reversed this case.

"Special Issue No. 4 correctly submitted the issue involved in that case. It did not assume the time element but allowed the jury to pass upon an issue formed in such a manner as to include the time element. We quote this issue:

"'Do you find from a preponderance of the evidence that upon the occasion in question the defendant, its agents and employees, after such knowledge, if any, and prior to plaintiff's injuries, if any, permitted persons in said theatre auditorium to continue throwing torpedoes and fireworks without interference or admonition. Answer yes or no. Answer, yes.'

"Prior to the submission of this issue the court had submitted the issue to the jury as to whether the defendant knew that persons were throwing torpedoes and fireworks on the occasion in question in the theatre auditorium prior to the time of plaintiff's injury. The jury answered this question in the affirmative. After submitting this issue the court then required the jury to find whether the defendants' agents and employees after acquiring knowledge that persons were throwing torpedoes and fireworks in the theatre which in the very nature of things was reasonably calculated to injure persons that they permitted such persons to continue throwing such torpedoes and fireworks without any interference or admonition upon their part.

"Unquestionably there is no assumption by the court of the time element. The issue is absolutely correctly submitted. Judge Hickman properly held that the charge was not upon the weight of the evidence and that the time element was not assumed by the court. Certainly if a party has knowledge that torpedoes are being thrown into a theatre and thereafter permits them to continue to be thrown without interference or admonition upon his part, he would be liable for injuries resulting from such conduct. Under such circumstances if he permitted this conduct to continue after knowledge of it without attempting to interfere or make any protest, there is no time element unsubmitted. If the jury finds such issue in the affirmative then it has expressly found defendant could have done something to prevent it but that he failed to do so and that such failure was negligence and the proximate cause of plaintiff's injuries. The defendant could not permit a thing to continue which he could not prevent.

"Now let us see what the definition of the word 'permit' is. Webster gives the following definitions of this word:

"'To allow'; 'grant permission'; 'to suffer'; 'to let'; 'to grant'; 'to allow to be done'; 'to consent to'; 'to tolerate'; 'to put up with'; 'to grant (one) express license or liberty to do an act'; 'to authorize'; 'to give leave';

"Now let's substitute these definitions in the place of the word 'permit' and see how this issue would read:

"'Do you find from a preponderance of the evidence that upon the occasion in question the defendant, its agents and employees, after such knowledge, if any, and prior to plaintiff's injury, if any, 'consented to' or 'authorized' or 'allowed' or 'granted permission' or 'suffered' or 'granted' express liberty' or 'gave leave' or 'tolerated' persons in said theatre auditorium to continue throwing torpedoes and fireworks without interference or admonition.'

"The answer of the jury to the above issue needed no further finding of any kind in order to fix liability except as to whether the act was negligence and whether such negligence was the proximate cause of the injury. This is not true of the submission of the issue in the case at bar. The evidence was undisputed that defendant's agents and employees did not know that the floatbed was protruding prior to the time of the accident. Such issue was

not submitted to the jury for its determination. The jury was merely asked if the floatbed was protruding at the time of the accident. Then it was asked if the defendant by the exercise of ordinary care should have kown that the same was so protruding. Clearly he must have known it in time to have avoided the accident or there could be no liability upon the part of the defendant. The issue therefore was not correctly submitted. In the form in which it was submitted the court necessarily assumed that fact because he made the defendants liable without permitting the jury to find whether his discovery of the condition of the floatbed was in time to have enabled him to prevent plaintiff's injuries. Since the jury could have reasonably predicated its findings that defendant's agents discovered the condition of the floatbed just as the light of plaintiff's automobile was thrown upon it a moment before the collision, it was absolutely essential for the defendant's protection that liability should not be fixed upon him unless the jury expressly found that he discovered the condition of the floatbed in time to have prevented the accident.

"Such a finding was wholly unnecessary in the Marek Case because the court there submitted the question as to whether the defendant knew persons were throwing torpedoes and firecrackers prior to plaintiff's injury and then required the jury to find that the defendant after such knowledge actually permitted such conduct to continue without admonition or interference. When the jury so found nothing was left for them to find except whether such conduct was negligence and whether it was the proximate cause of the injury.

"If the court in the Marek Case had submitted the issue to the jury as to whether the defendant discovered, prior to plaintiff's injuries, that persons were throwing torpedoes and fireworks in the theatre auditorium, and had not submitted the question as to whether, after acquiring such knowledge they permitted such conduct to continue but had merely submitted the issue as to whether the defendant exercised ordinary care to prevent additional torpedoes being thrown, the time element would have been assumed and the charge would have been upon the weight of the evidence. Under such circumstances the issue would not have been correctly submitted. But when the court went further and asked the jury to find whether defendant after knowledge of the dangerous practice of throwing torpedoes actually permitted it to continue without interference or admonition, then the submission of the time element was not essential. In other words the defendant was given a correct and affirmative presentation of the negligence issue. In this case there was no correct affirmative presentation of the negligence issue because of the omission of the essential time element.

"We submit that this case is ruled by the decision of Judge Critz in the Weed Case where the identical question here presented was involved and decided.

"Aside from this even if appellees should be correct in their position, still the reversal of the cause should stand for the reason that the action of the trial court in refusing to grant a new trial because of newly discovered evidence, was clearly error for which the judgment should be reversed.

"We respectfully insist that the court has correctly determined this case and that appellees' motion for rehearing should be overruled."

The motion for rehearing is overruled.