Elton MASON et al., Appellants,

v.

Virginia RATCLIFF, Appellee.

No. 14742.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 15, 1969.

Peter Torres, Jr., San Antonio, for appellants.

Melvin A. Krenek, Beckmann, Stanard, Wood & Keene, San Antonio, for appellee.

BARROW, Chief Justice.

This is an apepal from a take-nothing judgment rendered on a jury verdict in a suit for damages sustained by appellant Melva Littlejohn who was injured when her automobile was struck by the automobile of appellee, Virginia Ratcliff. Miss Littlejohn was only twenty years of age when the suit was brought for her by her stepfather, Elton Mason, as next friend. At the time of the judgment she had become twenty-one years of age and this appeal is prosecuted in her own right, and she is hereinafter referred to as appellant.

Appellant was proceeding north on New Braunfels Avenue in the City of San Antonio, and at the time of the accident was stopped pursuant to a red traffic control light at the intersection of Dickman Street. Appellee was proceeding west on Dickman Street and was attempting to turn left onto New Braunfels when her car struck the west curb of New Braunfels, and then went back across the street and struck two automobiles stopped in the east lane of New Braunfels Avenue. The jury found that appellee had not committed any acts of negligence proximately causing the collision and that same was an unavoidable accident.

Appellant urges that the jury's findings that appellee did not fail to keep a proper lookout; that appellee's operation of her vehicle at an excessive rate of speed[1] was not a proximate cause of the collision; that appellee was not operating her vehicle on the wrong side of the road; and that appellee's operation of her vehicle with defective equipment was not negligence are so against the great weight and preponderance of the evidence as to be manifestly unjust. Appellant also urges that the pleading of unavoidable accident is excessively general and the trial court erred in overruling her special exception to same. She also asserts that the finding of unavoidable accident is manifestly unjust.

Appellant's vehicle was the second in line at the red traffic light when it was struck by appellee's vehicle. Appellee admitted that she was going 30 to 35 mph in a 25 mph speed zone as she approached the intersection. It was necessary to push her car in order to start it about a mile from this intersection. She testified the engine was missing as she approached this intersection and she was driving the car over the speed limit in order to keep it running. Furthermore, as she approached the intersection the brakes did not work "too well." Although she could have turned to her right onto New Braunfels at only a slight angle or could have continued straight on Dickman, she attempted to turn left at the intersection. Appellee believes that she would have made it safely if the motor had not died while in the turn. This caused the power steering to go out and she could not successfully make the turn with the manual control. When her car struck the west curb, appellee over-compensated and pulled her car back across New Braunfels Avenue, where it struck the two stopped cars and then continued on across the east curb for some distance.

We have carefully reviewed the entire record, as required by appellant's points complaining of the findings as being so against the great weight and preponderance of the evidence as to be manifestly unjust. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.

---

1. The jury found that appellee was operating her vehicle at an excessive rate of speed on the occasion in question.

1965). From such examination we conclude that the findings that appellant was not negligent in operating her vehicle with defective equipment, as well as the finding that her act in operating said vehicle at an excessive rate of speed was not a proximate cause, are manifestly unjust. Appellee's car would not start because of a dead battery when appellee started home from Brooke General Hospital, which is over a mile from where the accident occurred. A service station attendant came and pushed her car to get it started. She was going to take it to a service station on South New Braunfels Avenue where repairs recently had been completed on the car. She drove approximately a mile after leaving Brooke General Hospital before the accident occurred, and the car was missing and jerking. In order to make sure that it would not conk out and die, she admittedly drove it at an excessive rate of speed. She knew that if the engine died the power steering would go out. She knew, at least a block from the intersection that her brakes were not working too well. Nevertheless, she attempted to make a ninety-degree turn to her left onto New Braunfels with the car missing and moving at an excessive rate of speed.

■ Since appellee continued to operate her vehicle after she knew it was in a defective condition, she could reasonably foresee that an accident of some type would occur. Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847 (1939); Echols v. Duke, 102 S.W.2d 483 (Tex.Civ. App.—Beaumont 1937, writ dism'd); 7 Tex.Jur.2d Automobiles § 80. Furthermore, appellee knowingly attempted the ninety-degree turn on a street that was only 36 feet wide at an excessive rate of speed. Although the fact that she lost her power steering control undoubtedly contributed to the difficulty in making this turn, it is obvious that the excessive speed contributed significantly to her lack of control.

Appellee explained her lack of familiarity with the automobile by showing that her late husband, who had tragically lost his life in Vietnam only a month before the accident, usually took care of the repairs to the car. The trip to the hospital was the first time appellee had operated the car after it had been repaired. The nature of the repairs was not shown, although apparently the brakes were checked in said repairs. The record is clear that appellee knowingly continued to operate the car at an excessive rate of speed after she knew of the engine trouble. Under this record, we conclude that the above referred to findings are so against the great weight and preponderance of the evidence as to be *manifestly unjust.*

Such conclusion requires a reversal and remand of the case. It is therefore unnecessary to discuss appellant's other points. In view of a retrial we suggest that since the record is undisputed that appellee's vehicle was on her wrong side of the road at the time of the accident, the crucial issue is whether same was there as a result of her negligence. See Phoenix Refining Co. v. Powell, 251 S.W.2d 892 (Tex.Civ.App.— San Antonio 1952, writ ref'd n. r. e.).

Furthermore, although this record shows no harm, we believe appellant's special exception complaining of the generality of appellee's plea of unavoidable accident should have been sustained.[2] Rule 279, Texas Rules of Civil Procedure, requires pleading before submission of an inferential-rebuttal issue such as unavoidable accident. City of Coleman v. Smith, 168 S.W. 2d 936 (Tex.Civ.App.—Eastland 1943, writ ref'd); Hodges, Special Issue Submission in Texas, § 17. In Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790, 792 (1941), the Supreme Court said: "Because of the uncertain state of the authorities upon the question, we have had a full conference with a free discussion of the question, and have decided to hold, * * * that if the evi-

2. Appellee alleged: "For further answer herein, if required, defendant says that in no event was she guilty of negligence proximately causing said accident, and same was an unavoidable accident."

dence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident." See also Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952); Miles-Sierra Co. v. Castillo, 398 S.W.2d 948 (Tex.Civ.App.—San Antonio 1966, writ ref'd n. r. e.).

■■■ We have found no case considering the adequacy of a plea of unavoidable accident. However, in McDonald, Texas Civil Practice, § 7.25(B), it is pointed out by way of illustration of the fair notice required to be given the opposing party of the defense to be relied on by a party: "To say merely that 'the collision in question was an unavoidable accident or new and independent cause or both' obviously does not meet this requirement." The fair notice requirement of Rule 45, T.R.C.P., is properly given by an allegation of the specific condition or situation which raises the issue of unavoidable accident.

The judgment of the trial court is reversed and the cause is remanded for a new trial.